IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2006

**STATE OF TENNESSEE v. DAVID EARL NIXON**

**Direct Appeal from the Criminal Court for Sumner County**
**No. 252-2004     Jane Wheatcraft, Judge**

---

**No. M2005-01887-CCA-R3-CD - Filed September 26, 2006**

---

The defendant, David Earl Nixon, pled guilty to two counts of especially aggravated sexual exploitation of a minor (Class B felony) and one count each of marijuana possession and possession of drug paraphernalia (Class A misdemeanors). He was sentenced to consecutive ten-year sentences for the two felony convictions, with the first ten years to be served in confinement and the second ten years on supervised probation. He received concurrent sentences of eleven months and twenty-nine days in confinement for the misdemeanor convictions. The defendant contends on appeal that the trial court erred in requiring him to serve his sentence in confinement rather than on probation and argues that the sentence of confinement constitutes an excessive sentence. We note that the laws concerning sentencing changed on June 7, 2005, and that this defendant did not execute any written waiver to be allowed to be sentenced under the new law. A ten-year sentence on probation under the old law is unauthorized, making the second ten-year sentence on supervised probation illegal. Because the trial judge is required to consider the aggregate sentence imposed, we reverse the sentences imposed and remand for new sentencing. We found no other reversible error.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and DAVID H. WELLES, J., joined.

B. F. "Jack" Lowery and G. Jeff Cherry, Lebanon, Tennessee, for the appellant, David Earl Nixon.

Paul G. Summers, Attorney General and Reporter; C. Daniel Lins, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Ronald Blanton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

During the guilty plea colloquy, the State presented the following facts to support the defendant's guilty pleas:

> Had this matter proceeded to trial, the facts would have shown that in December and January -- December of 2003 and January 2004, Mr. Nixon, using a webcam in Sumner County, Tennessee, exposed the genitalia of his three-year-old daughter over the internet for viewing by others. On count 5, upon executing a consent to search of his property, he admitted, told authorities where they could find marijuana in which they were able to find the marijuana and paraphernalia.

No testimony was given during the sentencing hearing. The parties instead relied on the presentence report, the Centerstone report,[1] the victim impact statement prepared by the mother of the victim, the original pictures that are the subject of the underlying offense, the defendant's statement of allocution, and counsel argument to present their respective cases for sentencing. During the sentencing hearing, counsel for the defendant argued in favor of an alternative sentence to confinement because he claimed the defendant was guilty of committing an impulsive act which was out of character. Counsel tried to paint a picture of the defendant as an upstanding citizen, dedicated fireman, and good father who was a low risk to commit this type of act in the future. Defense counsel argued in favor of a supervised probation program for the defendant rather than a sentence of confinement. Defense counsel characterized the defendant's behavior as an irresponsible act rather than sustained sexually deviant behavior.

Next, the Assistant District Attorney General argued that the defendant had established a record of lying to protect himself since the charges were brought against him. He pointed out two instances, in the presentence report and the Centerstone report, of the defendant telling different stories regarding his use of illegal drugs, and he argued that the defendant was not trustworthy because of his behavior. He also pointed to a portion of the Centerstone report in which the defendant discussed that the crimes he committed were "no big deal" because they were "nonsexually orientated [sic]" despite the fact that he held his then three-year-old daughter naked in front of a webcam. The Assistant District Attorney General further stated that though the defendant claimed his actions were not sexual, there was, in fact, a person on the other end of his internet connection who was "doing stuff for him." He further argued that the defendant breached his duty to protect his daughter on separate occasions because, by his own admission, he repeated his act multiple times. He then argued that, because the events occurred on separate occasions, the court could impose consecutive sentencing. The Assistant District Attorney General requested that the court impose a consecutive sentence to be served in the Tennessee Department of Correction.

---

[1]The Centerstone report is a psychosexual evaluation for the defendant that contains an evaluation and recommendation for treatment.

Next, the defendant read his statement of allocution in which he stated that, prior to the underlying charges, he: (1) had never been arrested, (2) had a good job, and (3) took care of his children. He acknowledged that his actions were "incredibly stupid" but claimed that the acts were impulsive. He pled guilty because he was, in fact, guilty of the charged conduct. He said that his "stupid act" cost him his relationship with his children, his job, and his reputation and that he has embarrassed his family by becoming a convicted felon. He said that he was sorry for his actions and for involving his child in those actions. He said he thinks about his terrible mistake daily, and he asked the court to grant him probation so he could rebuild his life and support his children.

After hearing the statements of the parties and reviewing the submitted exhibits, the trial court stated that it was not of the opinion that the defendant's actions were impulsive. The court specifically stated that because the defendant admitted he engaged in the illegal behavior on a number of occasions, his actions were deliberate rather than impulsive and amounted to an abuse of his position of trust with his child which has, in turn, caused her great psychological damage. The court also stated it believed the defendant minimized the severity of his actions and was dishonest about his interest in sexual deviance. The court said it was concerned about the defendant's justification of his actions and his refusal to acknowledge his inappropriate sexual behavior. It specifically referenced the Centerstone report in stating its belief that the defendant was a risk to re-offend because of his lack of insight as to the extent of his problem.

The court ordered the defendant to serve two consecutive ten-year sentences on the sexual offenses, the first to be served in confinement and the second to be served on intensive probation. The court also sentenced the defendant to terms of eleven months and twenty-nine days for each misdemeanor conviction, to run concurrently with the first term of confinement. The court determined that the range of sentence for the Class B felonies was eight to twelve years, with the presumptive minimum sentence at eight years. However, the court enhanced the sentence to ten years because of the defendant's abuse of his position of trust and the damage done to the child. Further, the court ordered the defendant to: register as a sex offender; undergo sex offender specific treatment as well as regular polygraph tests; and pay child support, cost of counseling for the victim, and court fines and costs. The court specifically stated that this was an egregious crime and that the aggregate length of the sentence relates to the severity of the offenses. The court stated that the sentence was necessary to send a message and to serve as a deterrent to others.

Analysis

When reviewing sentencing issues raised by a defendant on appeal pursuant to Tennessee Code Annotated section 40-35-401(d), the appellate court shall conduct a de novo review of the sentence with a presumption of correctness for the determinations of the trial court. The presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The defendant has the burden of proving that the sentence is improper. When considering whether a defendant should be incarcerated, the trial court should consider, inter alia, whether confinement is necessary to avoid depreciating the seriousness of the

offense. T.C.A. 40-35-103(1)(B); <u>State v. Ashby</u>, 823 S.W.2d at 169. Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tennessee Code Annotated § 40-35-103(1):

> (A) Confinement in necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

<u>See also</u> <u>State v. Grigsby</u>, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997); <u>State v. Millsaps</u>, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995). Here, the trial court properly considered the provision of Tennessee Code Annotated section 40-35-103(1)(B) in determining that the defendant's sentence should be served in confinement. The trial court specifically addressed this consideration in determining that the defendant consistently depreciated the seriousness of his offenses requiring confinement under the statute. The trial court pointed out that the defendant minimized the severity of his actions and, further, that he refused to acknowledge the seriousness of his inappropriate behavior. Further, the trial court properly considered and admitted the portion of the Centerstone report which stated that the defendant's potential for rehabilitation was poor based on his unwillingness to acknowledge that he had a sexual problem.

The defendant contends that the trial court erred in the implementation of an excessive sentence and in not granting full probation. The defendant first contends that the trial court was required to follow the 2005 amendments to the Tennessee Criminal Sentencing Reform Act of 1989 because the sentencing hearing occurred July 8, 2005. However, upon review of the compiler's notes to Tennessee Code Annotated section 40-35-102 (2005), we conclude that sentencing under prior law was proper. The notes to Tennessee Code Annotated section 40-35-102 state:

> Acts 2005, ch. 353, § 18 provided that the act shall apply to sentencing for criminal offenses committed on or after June 7, 2005. Offenses committed prior to June 7, 2005, shall be governed by prior law, which shall apply in all respects. However, for defendants who are sentenced after June 7, 2005, for offenses committed on or after July 1, 1982, the defendant may elect to be sentenced under the provisions of the act by executing a waiver of such defendant's ex post facto protections. Upon executing such a waiver, all provisions of the act shall apply to the defendant.

The sentencing scheme reviewed by the trial court on the record, without objection by counsel or execution of a waiver, was proper under the law.

Next, the defendant contends that the trial court's reliance on the victim impact statement was improper and violated his "statutory and constitutionally protected right of allocution." This argument is without merit. The victim impact statement and all other relevant evidence are properly considered by the sentencing court when determining the length and manner of service of a sentence. The trial court properly considered the Centerstone report which made clear statements about the defendant's depreciation of the seriousness of the offense, his lack of rehabilitative potential, and

his likelihood to commit an offense in the future. Further, the statement had no impact on the defendant's right of allocution because the defendant exercised his right to read an allocution statement to the court.

The defendant also argues that the court did not consider his statement of allocution and contends that there are no comments on the record regarding his statement. However, our review of the record reveals that the trial court considered the defendant's statement of allocution and specifically cited from it at the sentencing hearing. The trial court refuted the assertions made in the defendant's statement of allocution that his actions were impulsive rather than indicative of his character. Further, the trial court began the sentencing decree by citing the mitigating factors in favor of alternative sentencing, namely his employment history and lack of a criminal record, as stated by the defendant at the sentencing hearing. Therefore, this argument is also without merit.

Next, the defendant argues that the ten-year sentences on each felony count are excessive. He argues that the minimum sentence in the range of eight years is a more appropriate sentence. The defendant argues that no enhancement factors exist to raise his sentence from the presumptive minimum to the ten-year sentences as applied by the trial court. However, upon a review of the record, we conclude that two enhancement factors exist to support the sentence imposed by the trial court. The trial court made specific findings that two enhancement factors existed to raise the sentence from the presumptive minimum sentence of eight years upward to ten years. The trial court stated that the defendant's abuse of his position of trust and the extent of the damage to the victim justified an enhancement of his sentence under Tennessee Code Annotated section 40-35-114.

The defendant further argues that he should be allowed to serve his entire sentence on probation. Here, the defendant has not carried the burden of showing that the imposed sentence is improper. A defendant is eligible for probation if the sentence received by the defendant is eight years or less, subject to some statutory exclusions. T.C.A. § 40-35-303(a)(2003). Although probation must be considered in sentencing, the defendant is not automatically entitled to probation as a matter of law. T.C.A. § 40-35-303(b), Sentencing Commission Comments; State v. Fletcher, 805 S.W.2d 785, 787 (Tenn. Crim. App. 1991). An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. T.C.A. § 40-35-102(6). However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. T.C.A. § 40-35-303(b); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). A defendant seeking full probation bears the burden on appeal of showing the sentence imposed is improper and that full probation will be in the best interest of the defendant and the public. State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

The trial court announced that confinement was necessary to deter this type of behavior and to punish the defendant for his actions. The trial court also announced that its sentencing decision was based, in part, upon the defendant's lack of candor. We have previously held that the untruthfulness of a defendant can be the basis for a denial of probation. State v. Jenkins, 733 S.W.2d

528, 534-36 (Tenn. Crim. App. 1987); State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). This court has also upheld the denial of judicial diversion on the basis of untruthfulness. Dowdy, 894 S.W.2d at 305; see also State v. Anderson, 857 S.W.2d 571, 573 (Tenn. Crim. App. 1992). In the present case, the trial court pointed out the defendant's dishonesty with the court regarding his behavior and his interest in sexual deviance, and the court considered that dishonesty when presenting the sentence. We conclude that the defendant's credibility and willingness to accept responsibility for the offenses are properly considered in determining his potential for rehabilitation and are relevant in determining the appropriate sentence. The trial court observed the defendant's statements, attitude, and demeanor and determined that he was dishonest, was in denial, and was likely to re-offend. This is sufficient to give the trial court the benefit of discretion. See State v. Anderson, 857 S.W.2d at 573-74. We conclude that there was adequate evidence to support the sentences as imposed by the trial court.

Because the offenses committed by the defendant occurred prior to the enactment of the 2005 amendment, we again look to the prior law for sentencing. The defendant contends that the ten-year sentence is excessive. We do not agree. However, we must remand to the trial court on the issue of sentencing because the defendant was ineligible for probation under the prior law. Prior to the 2005 amendment, a defendant was eligible for probation only if the imposed sentence was eight years or less. T.C.A. § 40-35-303(a) (2003). After receiving consecutive ten-year sentences, the defendant should have been sentenced to confinement for both offenses. He was not statutorily eligible for probation because of the length of his imposed sentence. The defendant could have elected to be sentenced under the 2005 amendment by executing a waiver of his ex post facto protections. This waiver would have allowed him to serve the second sentence on probation rather than in confinement. Our review of the record reveals no such waiver. Therefore, we conclude that the defendant could only be sentenced to confinement for service of both sentences. We reverse the judgments of the trial court and remand for resentencing on both sentences consistent with this opinion.

Conclusion

Based upon the foregoing and the record as a whole, we reverse the judgments of the trial court and remand this case for further proceedings consistent with this opinion.

_____
JOHN EVERETT WILLIAMS, JUDGE

-6-